```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
STEFANI MIOTTO,                 :    07 Civ. 1033 (WCC)

                 Plaintiff,     :    **ECF CASE**

       - against -              :
                                     **OPINION**
YONKERS PUBLIC SCHOOLS, BERNARD P. :  **AND ORDER**
PIERORAZIO, SUPERINTENDANT OF YONKERS
PUBLIC SCHOOLS, STEVE MAZZOLA,  :
PRINCIPAL OF SAUNDERS TRADES AND
TECHNICAL HIGH SCHOOL and GREG A. :
WESTHOFF,
                                :
                 Defendants.
-------------------------------X
```

**A P P E A R A N C E S :**

      NORMAN M. BLOCK, P.C.
      **Attorneys for Plaintiff**
      245 Saw Mill River Road
      Hawthorne, New York 10532

NORMAN M. BLOCK, ESQ.

    Of Counsel

      DONOGHUE, THOMAS, AUSLANDER
        & DROHAN LLP
      **Attorneys for Defendants**
        **Yonkers Public Schools, Bernard**
        **P. Pierorazio, Superintendant of**
        **Yonkers Public Schools, and Steve**
        **Mazzola, Principal of Saunders**
        **Trades and Technical High School**
      2517 Route 52
      Hopewell Junction, New York 12533

LAWRENCE W. THOMAS, ESQ.
NEELANJAN CHOUDHURY, ESQ.

    Of Counsel

      **Copies E-Mailed to Counsel of Record**

**A P P E A R A N C E S :  (continued)**

                                        THE DORF LAW FIRM
                                        **Attorneys for Defendant**
                                            **Greg A. Westhoff**
                                        740 W. Boston Post Road, Ste. 304
                                        Mamaroneck, New York 10543

LINDA T. ALSTER-NELSON, ESQ.

      Of Counsel

**CONNER, Senior D.J.:**

Stefani Miotto ("Miotto") alleges that while she was a student at the Saunders Trades and Technical High School ("Saunders") in Yonkers, New York, she was sexually harassed by her teacher, defendant Greg A. Westhoff ("Westhoff"). She brings the present action against Westhoff; and against the Yonkers City School District ("the District"); Bernard P. Pierorazio ("Pierorazio"), the Superintendent of Schools of the District; and Steve Mazzola ("Mazzola"), the building principal at Saunders; (the "District defendants") claiming violations of Title IX, 20 U.S.C. §§ 1681 *et seq*.; violations of Section 296 of the New York Human Rights Law ("NYHRL"), N.Y. EXEC. LAW § 296 and assault and battery. Defendant Westhoff now moves to dismiss the Title IX claim against him pursuant to FED. R. CIV. P. 12(c). The District defendants move to dismiss claims against Pierorazio and Mazzola under Title IX and Section 296 pursuant to FED. R. CIV. P. 12(c). Plaintiff opposes. For the reasons that follow, Westhoff's motion is granted in its entirety, and the District defendants' motion is granted in part and denied in part.

## BACKGROUND

Westhoff was formerly employed by the District as a teacher at Saunders. Plaintiff claims that beginning in December 2005 and continuing through May 2006, "Westhoff began making unwelcome sexual comments and advances to [her], and made unwelcome physical contact with [her], creating a hostile atmosphere." (Complt. ¶ 8.) She claims that Westhoff was the subject of prior similar complaints, which were known to the District, Pierorazio and Mazzola, and that he was transferred among the Yonkers schools as a result. (Id. ¶¶ 9-11.) Plaintiff filed a complaint with the District on May 19, 2006, after which Westhoff retired with a full pension. (Id. ¶¶ 12-13.) Plaintiff

1

alleges that no disciplinary or remedial action was taken against Westhoff as a result of plaintiff's complaint or any other complaint against him. (Id. ¶ 14.)

## ANALYSIS

### I. <u>Legal Standard</u>

"In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6)." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (internal citations omitted). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.). Furthermore, in assessing the legal sufficiency of a claim, the court may consider only the facts alleged in the complaint, and any document attached as an exhibit to the complaint or incorporated in it by reference. *See* FED. R. CIV. P. 10(c); *Dangler v. N.Y. City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999); *De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir. 1996).

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (internal quotation marks and citation omitted). "The Supreme Court has recently held that [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ello v. Singh*, 2007 WL 3084979, *3 (S.D.N.Y. Oct. 19, 2007) (internal quotation marks omitted; alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir. 2007) (determining that the Court in *Twombly* "is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") (emphasis in original). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains, are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978).

## II.     Individual Liability Under Title IX

Title IX prohibits discrimination against any student based on gender in educational programs receiving federal funding. Discrimination on the basis of sex occurs where a teacher sexually harasses a student. *See Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60, 75 (1992). Title IX is enforceable by the federal instrumentalities that disburse the funding and by way of a judicially implied private right of action. *See id.* Hence, Title IX allows a student to assert a private cause of action against the recipient of the federal funding for the denial of access to education. *See Kraft v. Yeshiva Univ.*, 2001 WL 1191003, at *5 (S.D.N.Y. Oct. 5, 2001).

In her Complaint, plaintiff alleges that the individual defendants violated Title IX, and thus are liable for damages in their individual capacities. Defendants argue that the Title IX claims against Westhoff, Pierorazio and Mazzola should be dismissed because there is no individual liability under Title IX, as recognized by courts within the Second Circuit which have addressed the issue. (Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mem. Supp. Mot. J. Pldgs. at 2; Def. Westhoff Mem. Supp. Mot. Dismiss at 3.) Plaintiff cites *Mennone v. Gordon,* 889 F. Supp. 53 (D. Conn. 1995), in support of the argument that actions can be asserted under Title IX against individuals with the power to prevent discrimination. (Pl. Mem. Opp. Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mot. Dismiss at 3; Pl. Mem. Opp. Def. Westhoff Mot. Dismiss at 2.) Plaintiff relates the *Mennone* decision, which looked to § 504 of the Rehabilitation Act in support of its holding, to the Supreme Court decision in *Franklin*. Plaintiff argues that because *Franklin* decided that damages could be awarded in a private lawsuit under Title IX by looking to § 504, it is "likely that if specifically asked to consider the liability of an individual under Title IX, the Supreme Court would continue to follow the Section 504 precedent and, like Judge Goettel [in *Mennone*], hold the individual teacher to be liable." (Pl. Mem. Opp. Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mot. Dismiss at 4-5; Pl. Mem. Opp. Def. Westhoff Mot. Dismiss at 2-3.)

Numerous district courts in the Second Circuit, including the court that decided *Mennone*, have held that there is no individual liability under Title IX. *See Walter v. Hamburg Cent. Sch. Dist.*, 2007 WL 1480965, at *8 (W.D.N.Y. May 18, 2007); *Zamora v. N. Salem Cent. Sch. Dist.*, 414 F. Supp. 2d 418, 423 (S.D.N.Y. 2006); *Patenaude v. Salmon River Cent. Sch. Dist.*, 2005 U.S. Dist. LEXIS 29066, at *14 (N.D.N.Y. Feb. 16, 2005); *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 396 (E.D.N.Y. 2005) (relying on "overwhelming majority of federal courts" that have held

4

that individuals cannot be held liable under Title IX and thus dismissing claims against individual defendants); *Kraft*, 2001 WL 1191003, at *5 (finding no other cases that adopt the reasoning of *Mennone* and dismissing the Title IX claims against the individual defendants); *Manfredi v. Mount Vernon Bd. of Educ.*, 94 F. Supp. 2d 447, 455-56 (S.D.N.Y. 2000) (relying on weight of authority in Court of Appeals decisions and the Supreme Court decision in *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 638 (1999), to support holding that individuals cannot be held liable under Title IX); *Hayut v. State Univ. of N.Y.*, 127 F. Supp. 2d 333, 338 (N.D.N.Y. 2000) (dismissing Title IX claims against individual defendants because plaintiff cannot premise individual liability on that statute); *Norris v. Norwalk Pub. Sch.*, 124 F. Supp. 2d 791, 795-98 (D. Conn. 2000) (rejecting the reasoning of *Mennone* and holding that a Title IX claim may not be brought against an individual); *Niles v. Nelson*, 72 F. Supp. 2d 13, 17 (N.D.N.Y. 1999) (same); *Torres v. N.Y. Univ.*, 1996 WL 15691, at *2 (S.D.N.Y. Jan. 17, 1996). We see no reason to follow the *Mennone* holding, and agree with the preponderance of authority that there is no individual liability under Title IX.

We also feel that plaintiff's reliance on *Franklin* to infer that the Supreme Court would find individual liability under Title IX if it were presented with the issue, is misplaced. In *Davis v. Monroe County Board of Education*, the Court addressed the issue of whether a school district's failure to respond to student-on-student harassment can support a private suit against the district under Title IX. 526 U.S. at 638. The Court stated that the district may be liable under Title IX only for its own misconduct because the government's enforcement power may be exercised only against the funding recipient, and the Court has not extended damages liability under Title IX to parties outside the scope of that power. *Id*. at 641. Given the overwhelming number of cases within the Second Circuit that have held there is no individual liability under Title IX, the number of Court of Appeals

5

decisions applying the same rule,[1] and the Supreme Court's language in *Davis*, we conclude that the individual defendants cannot be held liable under Title IX. Their motion to dismiss plaintiff's Title IX claim against them is therefore granted.

**III.     Liability Under Section 296**

Section 296 of NYHRL makes it unlawful for an employer to discriminate on the basis of sex, among other factors. N.Y. EXEC. LAW § 296(1). Section 296(6) states in relevant part: "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article." N.Y. EXEC. LAW § 296(6). In *Patrowich v. Chemical Bank*, 483 N.Y.S.2d 659, 660 (N.Y. 1984), the Court of Appeals held that an employee is not individually subject to suit under the NYHRL "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others." Under the aiding and abetting provision of NYHRL, an individual employee who actually participates in the conduct giving rise to a discrimination claim may be held personally liable. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *McIlwain v. Korbean Int'l Inv. Corp.*, 896 F. Supp. 1373, 1382-83 (S.D.N.Y. 1995).

Plaintiff does not claim that defendants have any ownership interest; however, she does assert that they have the power to do more than carry out personnel decisions made by others because "it

---

[1] *See Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607 (8th Cir. 1999); *Soper ex rel. Soper v. Hoben*, 195 F.3d 845 (6th Cir. 1999); *Floyd v. Waiters*, 133 F.3d 786 (11th Cir. 1998) (*vacated on other grounds by Floyd v. Waiters*, 525 U.S. 802 (1998)); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014 (7th Cir. 1997); *Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006 (5th Cir. 1996) (*abrogated on other grounds by Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999)); *Lipsett v. Univ. of P.R.*, 864 F.2d 881 (1st Cir. 1988).

is an obvious inference that both these defendants, by nature of their job titles which are set forth in the complaint, have the power to hire and fire the teachers at the Saunders school." (Pl. Mem. Opp. Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mot. Dismiss at 6.) Defendants reply that only the Board of Education has the power to hire or fire teachers or other employees. (Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Reply Mem. Supp. Mot. J. Pldgs. at 4.)

Section 2554(2) of New York Education Law vests the Board of Education with the power to appoint a superintendent, principals, and teachers, among other employees and personnel. *See* N.Y. EDUC. LAW § 2554(2). "In the absence of a specific designation of the power to remove, the power to remove is a function of the power to appoint." *Melendez v. Bd. of Educ. of Yonkers City Sch. Dist.*, 828 N.Y.S.2d 67, 68 (N.Y. App. Div. 2006) (concluding that removal determination by the superintendent was not made by an officer or body having the power to remove because the body with the power to remove was the Board of Education); *see Moritz v. Bd. of Educ., Gowanda Cent. Sch. Dist.*, 400 N.Y.S. 2d 247, 251 (N.Y. App. Div. 1977) ("The Legislature has delegated to [b]oards of [e]ducation broad power to hire and fire teachers."). Defendants, as superintendent and principal within the District, do not have the power to hire or fire a teacher. Even though they have supervisory positions, and may advise the Board of Education in its personnel decisions of, that is not enough to hold them liable under § 296(1) because they are not vested with the power to hire or fire teachers. *See Walter*, 2007 WL 1480965, at *9 (noting that only the Board of Education has the power to make personnel decisions, and the individual defendants' authority to screen applications, interview candidates and make recommendations did not satisfy the *Patrowich* requirements and vest them with authority to make decisions relative to hiring and firing); *Lewis v. Triborough Bridge and Tunnel Auth.*, 77 F. Supp. 2d 376, 380 (S.D.N.Y. 1999) ("The fact that [defendant] may have had

supervisory control over the employees and could review and comment on their performance does not subject him to liability under § 296(1).").

Defendants argue that in order to state a claim under N.Y. EXEC. LAW § 296, plaintiff "must plead, with sufficiency, that the individual defendant in question 'aided or abetted' discriminatory conduct by an employer . . . [and] also allege the individual 'actually participate[d] in the conduct giving rise to the discrimination claim' in order to be sufficient to withstand a motion to dismiss." (Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mem. Supp. Mot. J. Pldgs. at 3.) Plaintiff argues that the words "aid" and "abet" are not necessary because the Complaint sets forth facts sufficient to state a cause of action. Plaintiff alleges that the defendants were aware of past sexual harassment by Westhoff and merely transferred him among the schools in the District rather than pursuing any disciplinary or remedial action, and allowed him to retire at full pension. (Pl. Mem. Opp. Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mot. Dismiss at 6-7.) Plaintiff also argues that the Complaint need not "also" allege active participation, but merely conduct which aids and abets. (*Id*. at 7.) Defendants reply that they were not aware of the conduct alleged by plaintiff until the complaint was made, at which point Westhoff was removed. Additionally, while it is alleged that defendants knew of Westhoff's prior conduct, that conduct was several years prior to the incident at issue. (Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Reply Mem. Supp. Mot. J. Pldgs. at 5.)

Under the aiding and abetting provision of NYHRL, an employer can be held liable for an employee's discriminatory act if the employer encouraged, condoned, or approved it. *Greene v. St. Elizabeth's Hosp.*, 496 N.Y.S.2d 411 (N.Y. 1985). "Condonation . . . contemplates a knowing, after-the-fact forgiveness or acceptance of an offense. An employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation." *Id.* at 412;

*see Ahmed v. Compass Group*, 2000 U.S. Dist. LEXIS 10789, at *15 (S.D.N.Y. Aug. 3, 2000); *Hayut*, 127 F. Supp. 2d at 341; *Melendez v. Int'l Serv. Sys., Inc.*, 1999 WL 187071, at *15 (S.D.N.Y. Apr. 6, 1999) (finding that plaintiff's allegations, that he reported his discriminatory treatment at the hands of individual employees to numerous people up the chain of command in the management of the company who took no remedial action, was sufficient to plead that the employer acquiesced or subsequently condoned the discriminatory conduct); *Lewis*, 77 F. Supp. 2d at 384 ("[A] supervisor's failure to take adequate remedial measures can rise to the level of 'actual participation' under HRL § 296(6)."); *Wise v. N.Y. City Police Dep't*, 928 F. Supp. 355, 374 (S.D.N.Y. 1996); *Hart v. Sullivan*, 445 N.Y.S.2d 40, 41 (N.Y. App. Div. 1981) ("To resist a motion to dismiss, the complaint must allege that the employer had knowledge or acquiesced in the discriminatory conduct of a supervisor or co-worker.").

Plaintiff alleges that defendants Pierorazio and Mazzola knew about Westhoff's prior similar conduct and took no remedial action. Although defendants argue that this conduct was "years prior" to the incident at issue, and that they knew nothing of the current incident until the complaint was made, plaintiff has pled that defendants, as employees of the District, had knowledge or acquiesced in the discriminatory conduct of their co-worker, Westhoff, sufficiently to survive this motion to dismiss. Under the circumstances, it is plausible that plaintiff can prove a set of facts which will support her claim. Pierorazio and Mazzola's motion to dismiss plaintiff's New York Executive Law claim as against them is therefore denied.

If the Court finds that the Complaint is not sufficient as is, plaintiff seeks leave to amend the Complaint to add that defendants "had the power to hire and fire Westhoff" and that defendants "aided and abetted Westhoff by enabling him to continue to sexually harass students, including

9

plaintiff herein." (Pl. Mem. Opp. Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Mot. Dismiss at 8.) Defendants object to these amendments because the Complaint would still be insufficient with the added language, and the language that defendants had the "power to hire and fire" is in direct conflict with established law. (Defs. Yonkers Pub. Sch., Pierorazio & Mazzola Reply Mem. Supp. Mot. J. Pldgs. at 5.)

"While required to grant leave 'freely . . . when justice so requires,' the Court may nonetheless deny leave to amend when it appears that granting leave to amend 'is unlikely to be productive.'" *Marley v. Ibelli*, 203 F. Supp. 2d 302, 312 (S.D.N.Y. 2001) (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). Since we agree that plaintiff has sufficiently pled that defendants aided or abetted Westhoff, there is no need to amend the Complaint to add those words. *See McIlwain*, 896 F. Supp. at 1383 (denying motion to dismiss NYHRL claims against individual defendant because, although plaintiff did not use the words "aid" or "abet" in the complaint, she alleged that defendant actively participated in the discriminatory conduct). Additionally, because we agree with defendants that Pierorazio and Mazzola did not have the power to hire or fire teachers under New York law, amending the Complaint to add language to that effect "is unlikely to be productive." Therefore, plaintiff's request for leave to amend the Complaint is denied.

## CONCLUSION

For all of the foregoing reasons, the Court grants defendant Greg A. Westhoff's motion to dismiss the Title IX claim against him and grants the other defendants' motion to dismiss the Title IX claims against Bernard P. Pierorazio and Steve Mazzola but denies the motion to dismiss the N.Y. EXEC. LAW § 296 claims against them.

SO ORDERED.

Dated: White Plains, New York
January 22, 2008

*William C. Conner*
Sr. United States District Judge